## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SHARON SCOTT**, as Administrator and Administrator ad Prosequendum of the Estate of **SHIRLEY SCOTT**, Deceased, and **MICHAEL SCOTT**, Legal Guardian for JOHN DOE, A Minor Child, <br><br> **Plaintiff(s),** <br><br> vs. <br><br> **BRENNTAG NORTH AMERICA, INC.** (sued individually and as successor-in-interest to MINERAL PIGMENT SOLUTIONS, INC. and as successor-in-interest to WHITTAKER CLARK & DANIELS, INC.); <br><br> **BRENNTAG SPECIALTIES, INC.** f/k/a MINERAL PIGMENT SOLUTIONS, INC. (sued individually and as successor-in-interest to WHITTAKER CLARK & DANIELS, INC.); <br><br> **CHANEL, INC.;** <br><br> **COLGATE-PALMOLIVE COMPANY;** <br><br> **CYPRUS AMAX MINERALS COMPANY** (sued individually, doing business as, and as successor to AMERICAN TALC COMPANY, METROPOLITAN TALC CO. INC. and CHARLES MATHIEU INC. and SIERRA TALC COMPANY and UNITED TALC COMPANY); <br><br> **ELIZABETH ARDEN, INC.,** a division of REVLON, INC.; <br><br> **FIFTH & PACIFIC COMPANIES COSMETICS, INC.** f/k/a LIZ CLAIBORNE INC. and LIZ CLAIBORNE COSMETICS INC. <br><br> **IMERYS TALC AMERICA, INC.** (sued individually and as successor-in-interest to | NO. _____ <br><br> Civil Action |

12031073-1

LUZENAC AMERICA, INC. successor-in-interest to CYPRUS INDUSTRIAL MINERALS COMPANY and WINDSOR MINERALS, INC. and METROPOLITAN TALC CO. INC.);

**J.C. PENNEY COMPANY, INC.,** for its LIZ CLAIBORNE brand of products;

**JOHNSON & JOHNSON;**

**JOHNSON & JOHNSON CONSUMER INC.,** a subsidiary of JOHNSON & JOHNSON;

**KATE SPADE & COMPANY OF NEW YORK** (sued individually and as successor-in-interest to and f/k/a LIZ CLAIBORNE INC.);

**KATE SPADE & COMPANY LLC** (sued individually and as successor-in-interest to and f/k/a LIZ CLAIBORNE INC.);

**KATE SPADE LLC** (sued individually and as successor-in-interest to and f/k/a LIZ CLAIBORNE INC.);

**WHITTAKER CLARK & DANIELS, INC.;**

**JOHN DOE CORPORATIONS 1-50** (fictitious);

**Defendant(s).**

## NOTICE OF REMOVAL OF DEFENDANT ELIZABETH ARDEN, INC.

Defendant Elizabeth Arden, Inc., incorrectly sued as a division of Revlon, Inc. ("Arden"), files this Notice of Removal of the above-titled action from the Superior Court of New Jersey, Law Division, Middlesex County, in which is now pending, to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. §§ 1441 and 1332. In support of its removal, Arden respectfully states the following:

12031073-1

**Preliminary Matters**

1. On or about December 18, 2018, Plaintiffs Sharon Scott, as Administrator and Administrator ad Prosequendum of the Estate of Shirley Scott, Deceased, and Michael Scott, Legal Guardian for John Doe, a minor child (collectively, "Plaintiffs") filed a Complaint sounding in wrongful death in the Superior Court of New Jersey, Law Division, Middlesex County, entitled *Sharon Scott, as Administrator and Administrator ad Prosequendum of the Estate of Shirley Scott, Deceased, and Michael Scott, Legal Guardian for John Doe, a minor child v. Brenntag North America, et al.*, and docketed at L-8439-18. In accordance with 28 U.S.C. § 1446(a), a true and correct copy of this Complaint is attached hereto and incorporated herein as Exhibit A.

2. Plaintiffs allege that Decedent Shirley Scott developed mesothelioma as a result of her exposure to "asbestos through her mother's daily use of asbestos-containing Johnson's Baby Powder and Cashmere Bouquet talcum powder on Decedent and in her bedding." *See* Exhibit A, at ¶ 5. Further, she was allegedly, "[e]xposed to asbestos through personal daily use of asbestos-containing Cashmere Bouquet talcum powder from approximately the 1960's to the early 1990's, Shower-to-Shower talcum powder from approximately 1975 to the early 2000's, Chanel talcum powder from approximately the late 1980's to the 2000's, and Liz Claiborne Realities talcum powder from approximately the late 1980's to the 1990's." *Id.*

3. Based on Arden's knowledge and information, no defendant that is incorporated and/or has its principal place of business in New Jersey has been served with the Complaint as of the filing of this Notice of Removal.

4. This case is removable based on diversity of citizenship and the amount in controversy under 28 U.S.C. § 1332(a).

12031073-1

5. This notice of removal is timely, based on Arden's knowledge and information, no defendant incorporated and/or with its principal place of business in New Jersey has been served with the Complaint.

6. Since, as noted, none of Arden's co-defendants have been served with the Complaint as of the filing of this Notice, consent to this removal is not required. However, based on information and belief, all other defendants named in the Complaint would consent to removal of this case.

### Nature of the Case

7. This case is based on allegations that decedent Shirley Scott developed mesothelioma by exposure to asbestos and/or asbestos-contaminated products.

8. Plaintiffs assert personal injury causes of action against all of the defendants, including Arden.

### Grounds for Removal

9. This is a civil action over which this Court has original jurisdiction under 18 U.S.C. § 1332, based on diversity of citizenship and the amount in controversy, and is removable to this Court by Arden pursuant to the provisions of 28 U.S.C. §§ 1441(b) and (c).

10. At the time of the filing of the Complaint and pursuant to the averments contained therein, Plaintiff Sharon Scott resides at 252 Susan Constant Drive, Newport News, Virginia 23608 and Plaintiff Michael Schott resides at 13506 Melissa Drive, Smithfield, Virginia 23430. *See* Exhibit A, ¶¶1-2.

11. Arden is a Florida corporation with a principal place of business in Florida.

12. Upon information and belief, Co-Defendant Brenntag North America is a Delaware corporation with its principal place of business in Pennsylvania.

13. Upon information and belief, Co-Defendant Brenntag Specialties, Inc., is a Delaware corporation with its principal place of business in New Jersey.

14. Upon information and belief, Co-Defendant Chanel, Inc. is a New York corporation with its principal place of business in New York.

15. Upon information and belief, Co-Defendant Colgate-Palmolive Company is a Delaware corporation with its principal place of business in New York.

16. Upon information and belief, Co-Defendant Cyprus Amax Minerals Company is a Delaware corporation with a principal place of business in Arizona.

17. Upon information and belief, Co-Defendant Fifth & Pacific Companies Cosmetics, Inc. is a Delaware corporation with a principal place of business in New York.

18. Upon information and belief, Co-Defendant Imerys Talc America, Inc. is a Delaware corporation with a principal place of business in California.

19. Upon information and belief, Co-Defendant J.C. Penny Company, Inc. is a Delaware corporation with a principal place of business in Texas.

20. Upon information and belief, Co-Defendant Johnson & Johnson is a New Jersey corporation with its principal place of business in New Jersey.

21. Upon information and belief, Co-Defendant Johnson & Johnson Consumer, Inc. is a New Jersey corporation with its principal place of business in New Jersey.

22. Upon information and belief, Co-Defendant Kate Spade & Company of New York is a Delaware corporation with its principal place of business in New York.

23. Upon information and belief, Co-Defendant Kate Spade & Company LLC is a Delaware corporation with its principal place of business in New York.

24. Upon information and belief, Co-Defendant Kate Spade LLC is a Delaware

corporation with its principal place of business in New York.

25. Upon information and belief, Co-Defendant Whittaker, Clark & Daniels, Inc., is a New Jersey corporation with its principal place of business in Connecticut.

26. Upon information and belief, the amount in controversy in this action, which includes the costs of indemnity for any adverse judgment against defendant, exceeds $75,000.00, exclusive of interests and costs.

27. Accordingly, pursuant to 28 U.S.C. §§ 1332(a) and 1441(a), this Court possesses original jurisdiction of this action because Plaintiff is diverse from all Defendants and the amount in controversy exceeds $75,000 and, therefore, complete diversity exists.

28. Moreover, since this Notice of Removal is being filed before any of the defendants have been properly served with the Complaint, removal is proper pursuant to 28 U.S.C. 1441(b)(2), and *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 2018 U.S. App. LEXIS 23576 (3d Cir., Aug. 22, 2018).

29. Further, the District of New Jersey includes Middlesex County, where the original action is pending.

30. A true and correct copy of this Notice of Removal is being filed with the Clerk of the Superior Court of New Jersey, as required by 28 U.S.C. § 1446(d).

31. Written notice of the filing of this Notice of Removal will be given to all parties.

32. No admission of fact, law, or liability, is intended by this Notice of Removal, and all defenses, affirmative defenses, and motions are hereby reserved by Arden.

WHEREFORE, Defendant Elizabeth Arden, Inc., hereby removes the action entitled *Sharon Scott, as Administrator and Administrator ad Prosequendum of the Estate of Shirley Scott, Deceased, and Michael Scott, Legal Guardian for John Doe, a minor child v. Brenntag*

12031073-1

*North America, et al.*, Superior Court of New Jersey, Law Division, Middlesex County, L-8439-18, where it is currently pending, to the United States District Court for the District of New Jersey.

**HAWKINS PARNELL & YOUNG LLP**

By: /s/ Roy F. Viola
      By: Roy F. Viola, Jr., Esq.
      Attorney ID: 015301993
      600 Lexington Ave, 8th Floor
      New York, New York 10022
      Tel: (212) 897-9655
      Fax: (646) 589-8700

      Attorneys for Defendant,
      *Elizabeth Arden, Inc.*

Date: January 10, 2019

12031073-1

## **CERTIFICATE OF SERVICE**

Roy F. Viola, Esquire certifies that a hard copy of the attached Notice of Removal was properly signed and that a true and correct copy was filed with the Court and served via electronically and U.S. Certified Mail with Return Receipt Requested, upon the following:

| | |
|:---:|:---:|
| Robert E. Lytle, Esquire | Leah Kagan, Esquire |
| Szaferman, Lakind, Blumstein & Blader, P.C. | Simon, Greenstone, Panatier, P.C. |
| 101 Grovers Mill Road, Suite 200 | 1201 Elm Street, Suite 3400 |
| Lawrenceville, NJ 08648 | Dallas, TX 75270 |
| (609) 275-0400 | (214) 276-7680 |

**Counselors for Plaintiffs**

/s/ Roy F. Viola
Roy F. Viola, Esquire

Date: January 10, 2019

12031073-1