ECKERT SEAMANS CHERIN & MELLOTT, LLC
By: David M. Katzenstein, Esq.
 Eli Granek, Esq.
Four Gateway Center, Suite 401
100 Mulberry Street
Newark, NJ 07102
P: (973) 855-4715
dkatzenstein@eckertseamans.com
egranek@eckertseamans.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHARON SCOTT, as Executor of the Estate of Shirley Scott, Deceased, and MICHAEL SCOTT, Legal Guardian for John Doe, a Minor Child,<br><br>      Plaintiffs,<br><br>   v.<br><br>BRENNTAG NORTH AMERICA, INC. (sued individually and as successor-in-interest to Mineral Pigment Solutions, Inc. and as successor-in-interest to Whittaker Clark & Daniels, Inc.), et al.<br><br>      Defendants. | Civil Action No. 3:19-CV-00335-FLW-DEA |

**Defendant Fifth & Pacific Companies Cosmetics, Inc.'s Answer to Plaintiffs' First Amended Complaint, Affirmative Defenses, and Cross-Claims**

Defendant Fifth & Pacific Companies Cosmetics, Inc. ("F&P

Cosmetics"), improperly named in the Complaint as "Kate Spade LLC," "Kate

Spade & Company of New York," and "Kate Spade & Company LLC," is a

corporation organized under the laws of the State of Delaware. Its principal

place of business is located at 2 Park Avenue, New York, NY 10016. Through

its counsel, F&P Cosmetics hereby responds to Plaintiffs' First Amended
Complaint as follows:

## Parties-Plaintiffs

1.      F&P Cosmetics lacks knowledge or information sufficient to
form a belief about the truth of the allegations in paragraph one of the
section of Plaintiffs' Complaint titled "Parties-Plaintiffs."

2.      F&P Cosmetics lacks knowledge or information sufficient to
form a belief about the truth of the allegations in paragraph two of the
section of Plaintiffs' Complaint titled "Parties-Plaintiffs."

3.      F&P Cosmetics denies the allegation that it manufactured,
marketed, distributed, or sold a product that contained asbestos, and that
Shirley Scott was exposed to asbestos from a product for which F&P
Cosmetics was responsible or could be liable. F&P Cosmetics lacks knowledge
or information sufficient to form a belief about the truth of the remainder of
the allegations in paragraph three of the section of Plaintiffs' Complaint
titled "Parties-Plaintiffs."

4.      F&P Cosmetics lacks knowledge or information sufficient to
form a belief about the truth of the allegations in paragraph four of the
section of Plaintiffs' Complaint titled "Parties-Plaintiffs."

5.      F&P Cosmetics denies the allegation that REALITIES talcum
powder contained asbestos, that use of REALITIES talcum powder could
generate asbestos-containing dust, and that Shirley Scott was exposed to

asbestos from REALITIES talcum powder. F&P Cosmetics lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in paragraph five of the section of Plaintiffs' Complaint titled "Parties-Plaintiffs."

6.     Denied.

7.     Admitted only that the Complaint states as much. To the extent paragraph seven of the section of Plaintiffs' Complaint titled "Parties-Plaintiffs" contains any further averments, they are denied.

8.     Admitted only that the Complaint states as much. To the extent paragraph eight of the section of Plaintiffs' Complaint titled "Parties-Plaintiffs" contains any further averments, they are denied.

9.     Admitted only that the Complaint states as much. To the extent paragraph nine of the section of Plaintiffs' Complaint titled "Parties-Plaintiffs" contains any further averments, they are denied.

## Parties-Defendants

1.     Admitted only that F&P Cosmetics did business in the state of New Jersey. The remainder of the allegations in paragraph one of the section of Plaintiff's Complaint titled "Parties-Defendants" are denied.

2.     To the extent the allegations in paragraph two of the section of Plaintiffs' Complaint titled "Parties-Defendants" is directed to, or is referencing, F&P Cosmetics, they are denied. To the extent the allegations in this paragraph are directed to a party other than F&P Cosmetics, F&P

Cosmetics lacks knowledge or information sufficient to form a belief about their truth.

3.      Admitted only that the Complaint states as much. To the extent paragraph three of the section of Plaintiffs' Complaint titled "Parties-Defendants" contains any further averments, they are denied.

4.      Admitted only that the Complaint states as much. To the extent paragraph four of the section of Plaintiffs' Complaint titled "Parties-Defendants" contains any further averments, they are denied.

5.      Admitted only that F&P Cosmetics conducted business in the State of New Jersey. To the extent paragraph five of the section of Plaintiffs' Complaint titled "Parties-Defendants" contains any further allegations directed to F&P Cosmetics, they are denied. To the extent the allegations in this paragraph are directed to a party other than F&P Cosmetics, F&P Cosmetics lacks knowledge or information sufficient to form a belief about their truth.

## First Count

1.      F&P Cosmetics incorporates each of its preceding responses as if they were set forth here in full.

2.      To the extent the allegations in paragraph two of the section of Plaintiffs' Complaint titled "First Count" is directed to, or referencing, F&P Cosmetics, they are denied. To the extent the allegations in this paragraph

are directed to a party other than F&P Cosmetics, F&P Cosmetics lacks
knowledge or information sufficient to form a belief about their truth.

3.      To the extent the allegations in paragraph three of the section of
Plaintiffs' Complaint titled "First Count" is directed to, or referencing, F&P
Cosmetics, they are denied. To the extent the allegations in this paragraph
are directed to a party other than F&P Cosmetics, lacks knowledge or
information sufficient to form a belief about their truth.

4.      To the extent the allegations in paragraph four of the section of
Plaintiffs' Complaint titled "First Count" is directed to, or referencing, F&P
Cosmetics, they are denied. To the extent the allegations in this paragraph
are directed to a party other than F&P Cosmetics, F&P Cosmetics lacks
knowledge or information sufficient to form a belief about their truth.

5.      To the extent the allegations in paragraph five of the section of
Plaintiffs' Complaint titled "First Count" is directed to, or referencing, F&P
Cosmetics, they are denied. To the extent the allegations in this paragraph
are directed to a party other than F&P Cosmetics, F&P Cosmetics lacks
knowledge or information sufficient to form a belief about their truth.

6.      To the extent the allegations in paragraph six of the section of
Plaintiffs' Complaint titled "First Count" is directed to, or referencing, F&P
Cosmetics, they are denied. To the extent the allegations in this paragraph
are directed to a party other than F&P Cosmetics, F&P Cosmetics lacks
knowledge or information sufficient to form a belief about their truth.

7.     To the extent the allegations in paragraph seven of the section of Plaintiffs' Complaint titled "First Count" is directed to, or referencing, F&P Cosmetics, they are denied. To the extent the allegations in this paragraph are directed to a party other than F&P Cosmetics, F&P Cosmetics lacks knowledge or information sufficient to form a belief about their truth.

8.     To the extent the allegations in paragraph eight of the section of Plaintiffs' Complaint titled "First Count" is directed to, or referencing, F&P Cosmetics, they are denied. To the extent the allegations in this paragraph are directed to a party other than F&P Cosmetics, F&P Cosmetics lacks knowledge or information sufficient to form a belief about their truth.

9.     To the extent the allegations in paragraph nine of the section of Plaintiffs' Complaint titled "First Count" is directed to, or referencing, F&P Cosmetics, they are denied. To the extent the allegations in this paragraph are directed to a party other than F&P Cosmetics, F&P Cosmetics lacks knowledge or information sufficient to form a belief about their truth.

10.     To the extent the allegations in paragraph ten of the section of Plaintiffs' Complaint titled "First Count" is directed to, or referencing, F&P Cosmetics, they are denied. To the extent the allegations in this paragraph are directed to a party other than F&P Cosmetics, F&P Cosmetics lacks knowledge or information sufficient to form a belief about their truth.

11.     To the extent the allegations in paragraph eleven, including but not limited subjection (a) through (j), of the section of Plaintiffs' Complaint

titled "First Count" is directed to, or referencing, F&P Cosmetics, they are denied. To the extent the allegations in this paragraph are directed to a party other than F&P Cosmetics, F&P Cosmetics lacks knowledge or information sufficient to form a belief about their truth.

12.     To the extent the allegations in paragraph twelve of the section of Plaintiffs' Complaint titled "First Count" is directed to, or referencing, F&P Cosmetics, they are denied. To the extent the allegations in this paragraph are directed to a party other than F&P Cosmetics, F&P Cosmetics lacks knowledge or information sufficient to form a belief about their truth.

13.     To the extent the allegations in paragraph thirteen of the section of Plaintiffs' Complaint titled "First Count" is directed to, or referencing, F&P Cosmetics, they are denied. To the extent the allegations in this paragraph are directed to a party other than F&P Cosmetics, F&P Cosmetics lacks knowledge or information sufficient to form a belief about their truth.

WHEREFORE, F&P Cosmetics respectfully requests that this Court enter judgment in its favor, dismiss all claims against F&P Cosmetics with prejudice, and accord to F&P Cosmetics any further relief, including costs and fees, the Court deems appropriate.

## Second Count

1.     F&P Cosmetics incorporates each of its preceding responses as if they were set forth here in full.

7

2.      To the extent the allegations in paragraph two of the section of Plaintiffs' Complaint titled "Second Count" is directed to, or referencing, F&P Cosmetics, they are denied. To the extent the allegations in this paragraph are directed to a party other than F&P Cosmetics, F&P Cosmetics lacks knowledge or information sufficient to form a belief about their truth.

3.      To the extent the allegations in paragraph three of the section of Plaintiffs' Complaint titled "Second Count" is directed to, or referencing, F&P Cosmetics, they are denied. To the extent the allegations in this paragraph are directed to a party other than F&P Cosmetics, F&P Cosmetics lacks knowledge or information sufficient to form a belief about their truth.

4.      To the extent the allegations in paragraph four of the section of Plaintiffs' Complaint titled "Second Count" is directed to, or referencing, F&P Cosmetics, they are denied. To the extent the allegations in this paragraph are directed to a party other than F&P Cosmetics, F&P Cosmetics lacks knowledge or information sufficient to form a belief about their truth.

WHEREFORE, F&P Cosmetics respectfully requests that this Court enter judgment in its favor, dismiss all claims against F&P Cosmetics with prejudice, and accord to F&P Cosmetics any further relief, including costs and fees, the Court deems appropriate.

## Third Count

1.      F&P Cosmetics incorporates each of its preceding responses as if they were set forth here in full.

2.      To the extent the allegations in paragraph two of the section of Plaintiffs' Complaint titled "Third Count" is directed to, or referencing, F&P Cosmetics, they are denied. To the extent the allegations in this paragraph are directed to a party other than F&P Cosmetics, F&P Cosmetics lacks knowledge or information sufficient to form a belief about their truth.

3.      To the extent the allegations in paragraph three of the section of Plaintiffs' Complaint titled "Third Count" is directed to, or referencing, F&P Cosmetics, they are denied. To the extent the allegations in this paragraph are directed to a party other than F&P Cosmetics, F&P Cosmetics lacks knowledge or information sufficient to form a belief about their truth.

4.      To the extent the allegations in paragraph four of the section of Plaintiffs' Complaint titled "Third Count" is directed to, or referencing, F&P Cosmetics, they are denied. To the extent the allegations in this paragraph are directed to a party other than F&P Cosmetics, F&P Cosmetics lacks knowledge or information sufficient to form a belief about their truth.

WHEREFORE, F&P Cosmetics respectfully requests that this Court enter judgment in its favor, dismiss all claims against F&P Cosmetics with prejudice, and accord to F&P Cosmetics any further relief, including costs and fees, the Court deems appropriate.

## Fourth Count

1.      F&P Cosmetics incorporates each of its preceding responses as if they were set forth here in full.

2.     To the extent the allegations in paragraph two of the section of Plaintiffs' Complaint titled "Fourth Count," including but not limited to subsections (a) through (f), is directed to, or referencing, F&P Cosmetics, they are denied. To the extent the allegations in this paragraph are directed to a party other than F&P Cosmetics, F&P Cosmetics lacks knowledge or information sufficient to form a belief about their truth.

3.     To the extent the allegations in paragraph three of the section of Plaintiffs' Complaint titled "Fourth Count" is directed to, or referencing, F&P Cosmetics, they are denied. To the extent the allegations in this paragraph are directed to a party other than F&P Cosmetics, F&P Cosmetics lacks knowledge or information sufficient to form a belief about their truth.

WHEREFORE, F&P Cosmetics respectfully requests that this Court enter judgment in its favor, dismiss all claims against F&P Cosmetics with prejudice, and accord to F&P Cosmetics any further relief, including costs and fees, the Court deems appropriate.

## Fifth Count

1.     F&P Cosmetics incorporates each of its preceding responses as if they were set forth here in full.

2.     To the extent the allegations in paragraph two of the section of Plaintiffs' Complaint titled "Fifth Count," including but not limited to subsections (a) through (f), is directed to, or referencing, F&P Cosmetics, they are denied. To the extent the allegations in this paragraph are directed to a

10

party other than F&P Cosmetics, F&P Cosmetics lacks knowledge or information sufficient to form a belief about their truth.

3. To the extent the allegations in paragraph three of the section of Plaintiffs' Complaint titled "Fifth Count" is directed to, or referencing, F&P Cosmetics, they are denied. To the extent the allegations in this paragraph are directed to a party other than F&P Cosmetics, F&P Cosmetics lacks knowledge or information sufficient to form a belief about their truth.

WHEREFORE, F&P Cosmetics respectfully requests that this Court enter judgment in its favor, dismiss all claims against F&P Cosmetics with prejudice, and accord to F&P Cosmetics any further relief, including costs and fees, the Court deems appropriate.

## <u>Sixth Count</u>

1. F&P Cosmetics incorporates each of its preceding responses as if they were set forth here in full.

2. To the extent the allegations in paragraph two, including but not limited to subsections (i) and (iii), of the section of Plaintiffs' Complaint titled "Sixth Count" is directed to, or referencing, F&P Cosmetics, they are denied. To the extent the allegations in this paragraph are directed to a party other than F&P Cosmetics, F&P Cosmetics lacks knowledge or information sufficient to form a belief about their truth.

3. To the extent the allegations in paragraph three of the section of Plaintiffs' Complaint titled "Sixth Count" is directed to, or referencing, F&P

11

Cosmetics, they are denied. To the extent the allegations in this paragraph are directed to a party other than F&P Cosmetics, F&P Cosmetics lacks knowledge or information sufficient to form a belief about their truth.

4.     To the extent the allegations in paragraph four of the section of Plaintiffs' Complaint titled "Sixth Count" is directed to, or referencing, F&P Cosmetics, they are denied. To the extent the allegations in this paragraph are directed to a party other than F&P Cosmetics, F&P Cosmetics lacks knowledge or information sufficient to form a belief about their truth.

5.     To the extent the allegations in paragraph five of the section of Plaintiffs' Complaint titled "Sixth Count" is directed to, or referencing, F&P Cosmetics, they are denied. To the extent the allegations in this paragraph are directed to a party other than F&P Cosmetics, F&P Cosmetics lacks knowledge or information sufficient to form a belief about their truth.

WHEREFORE, F&P Cosmetics respectfully requests that this Court enter judgment in its favor, dismiss all claims against F&P Cosmetics with prejudice, and accord to F&P Cosmetics any further relief, including costs and fees, the Court deems appropriate.

## Seventh Count

1.     F&P Cosmetics incorporates each of its preceding responses as if they were set forth here in full.

2.     Denied.

3.    To the extent the allegations in paragraph three of the section of Plaintiffs' Complaint titled "Seventh Count" is directed to, or referencing, F&P Cosmetics, they are denied. To the extent the allegations in this paragraph are directed to a party other than F&P Cosmetics, F&P Cosmetics lacks knowledge or information sufficient to form a belief about their truth.

4.    Denied.

5.    Denied.

WHEREFORE, F&P Cosmetics respectfully requests that this Court enter judgment in its favor, dismiss all claims against F&P Cosmetics with prejudice, and accord to F&P Cosmetics any further relief, including costs and fees, the Court deems appropriate.

## Eighth Count

1.    F&P Cosmetics incorporates each of its preceding responses as if they were set forth here in full.

2.    F&P Cosmetics lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph two of the section of Plaintiffs' Complaint titled "Eighth Count."

3.    F&P Cosmetics lacks knowledge or information sufficient to form a belief about the truth of the allegation that Shirley Scott left John Doe, a minor child, surviving her. All other allegations in paragraph three of the section of Plaintiffs' Complaint titled "Eighth Count" are denied.

4.     Admitted only that there is a Chapter 31 in Title 2A of New Jersey Statutes Annotated. To the extent paragraph four of the section of Plaintiffs' Complaint titled "Eighth Count" contains any further allegations, they are denied.

WHEREFORE, F&P Cosmetics respectfully requests that this Court enter judgment in its favor, dismiss all claims against F&P Cosmetics with prejudice, and accord to F&P Cosmetics any further relief, including costs and fees, the Court deems appropriate.

## Ninth Count

1.     F&P Cosmetics incorporates each of its preceding responses as if they were set forth here in full.

2.     F&P Cosmetics lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph two of the section of Plaintiffs' Complaint titled "Ninth Count."

3.     F&P Cosmetics lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph three of the section of Plaintiffs' Complaint titled "Ninth Count."

WHEREFORE, F&P Cosmetics respectfully requests that this Court enter judgment in its favor, dismiss all claims against F&P Cosmetics with prejudice, and accord to F&P Cosmetics any further relief, including costs and fees, the Court deems appropriate.

To the extent the WHEREFORE clause and unnumbered paragraph following the WHEREFORE clause following paragraph three of the section of Plaintiffs' Complaint titled "Ninth Count" contains any further allegations directed to F&P Cosmetics, they are denied.

## Affirmative Defenses

F&P Cosmetics hereby asserts the following affirmative defenses to Plaintiffs' claims:

### First Affirmative Defense

Plaintiffs' Complaint fails to state a claim against F&P Cosmetics upon which relief can be granted.

### Second Affirmative Defense

Plaintiffs' claims against F&P Cosmetics are barred by the Statute of Limitations.

### Third Affirmative Defense

Plaintiffs' claims against F&P Cosmetics are barred by the equitable doctrines of estoppel, laches, and/or unclean hands.

### Fourth Affirmative Defense

Plaintiffs' claims are barred by the doctrine of waiver.

### Fifth Affirmative Defense

Plaintiffs lack standing to maintain all, or some, of the claims they assert against F&P Cosmetics.

### Sixth Affirmative Defense

The Courts lacks subject-matter jurisdiction over all or some of Plaintiffs' claims.

### Seventh Affirmative Defense

The Court lacks personal jurisdiction over F&P Cosmetics.

### Eighth Affirmative Defense

New Jersey is the improper forum for Plaintiffs' claims, and F&P Cosmetics reserves the right to move to transfer this action to the appropriate venue or to move for dismissal under the doctrine of *forum non conveniens*.

### Ninth Affirmative Defense

To the extent Plaintiffs cannot identify all of the products that allegedly caused their injuries, granting Plaintiffs relief would violate F&P Cosmetics's right to procedural due process guaranteed by the Federal and applicable State Constitutions.

### Tenth Affirmative Defense

Plaintiffs have failed to join all necessary and indispensable parties, preventing the Court from being able to hear all evidence relevant to Plaintiffs' claims and fairly adjudicate the rights of all parties.

### Eleventh Affirmative Defense

The Entire Controversy Doctrine bars Plaintiffs from recovering on their claims.

## Twelfth Affirmative Defense

Plaintiffs' claims are preempted, in whole or in part, by federal law and the laws of the State whose substantive law governs Plaintiffs' claims.

## Thirteenth Affirmative Defense

F&P Cosmetics did not manufacture, market, distribute, or sell products containing asbestos or from which the decedent could have been exposed to asbestos.

## Fourteenth Affirmative Defense

To the extent the decedent was exposed to a product containing asbestos as a result of F&P Cosmetics's conduct—which F&P Cosmetics expressly denies—any alleged exposure was *de minimis*, was not a substantial contributing factor to any asbestos-related disease the decedent may have developed, and is not actionable at law or equity.

## Fifteenth Affirmative Defense

Plaintiffs are barred from pursuing some or all of their claims as a result of spoliating evidence.

## Sixteenth Affirmative Defense

F&P Cosmetics denies that any of its predecessors could be liable to Plaintiffs and that it is a successor to the liability any company found to be its predecessor may have owed to Plaintiffs.

## Seventeenth Affirmative Defense

To the extent it is deemed to apply, Plaintiffs' claims are subsumed by New Jersey's Product Liability Act.

## Eighteenth Affirmative Defense

F&P Cosmetics was not negligent.

## Nineteenth Affirmative Defense

At all relevant times, F&P Cosmetics had no knowledge of, or reason to know of, any alleged risks associated with cosmetic-grade talc or its potential contamination with asbestos.

## Twentieth Affirmative Defense

F&P Cosmetics did not owe any duty to Plaintiffs.

## Twenty-First Affirmative Defense

F&P Cosmetics did not breach any duty it may be found to have owed to Plaintiffs.

## Twenty-Second Affirmative Defense

F&P Cosmetics expressly denies its conduct was negligent, but if it were later found by a factfinder to have engaged in negligent conduct, that conduct was not the factual or proximate cause of any injury or damages Plaintiffs or the decedent allegedly incurred.

## Twenty-Third Affirmative Defense

F&P Cosmetics expressly denies that it was negligent or that its conduct caused the injuries Plaintiffs allege, but if a factfinder were to

determine otherwise, Plaintiffs would still be barred from recovering on their claims because of the decedent's contributory negligence.

### Twenty-Fourth Affirmative Defense

F&P Cosmetics expressly denies that it was negligent or that its conduct caused the injuries Plaintiffs allege, but if a factfinder were to determine otherwise, Plaintiffs would be barred from recovering on their claims, or any recovery must be reduced, because of the decedent's comparative negligence.

### Twenty-Fifth Affirmative Defense

F&P Cosmetics expressly denies that it was negligent, that its conduct caused the injuries Plaintiffs allege, or that a product it manufactured, marketed, distributed, or sold caused the injuries Plaintiffs allege, but if a factfinder were to determine otherwise, Plaintiffs would be barred from recovering on their claims because the decedent knowingly assumed the risk of incurring such harm.

### Twenty-Sixth Affirmative Defense

F&P Cosmetics denies that Plaintiffs incurred the damages alleged in their Complaint, but to the extent a factfinder were to determine otherwise, any damages Plaintiffs are found to experience were caused by the intervening and superseding acts of third parties outside of F&P Cosmetics's control.

### Twenty-Seventh Affirmative Defense

F&P Cosmetics denies that its conduct or a product it manufactured, marketed, distributed, or sold presented a risk of harm as alleged in the Complaint, but to the extent a factfinder were to determine otherwise, any risk of harm was open and obvious.

### Twenty-Eighth Affirmative Defense

F&P Cosmetics denies that its conduct or a product it manufactured, marketed, distributed, or sold presented a risk of harm as alleged in the Complaint, but to the extent a factfinder were to determine otherwise, any risk of damages or injuries were unforeseeable, and F&P Cosmetics did not foresee them.

### Twenty-Ninth Affirmative Defense

F&P Cosmetics reasonably relied on the representations of manufacturers, suppliers, other third parties, or any combination thereof.

### Thirtieth Affirmative Defense

No contract existed between Plaintiffs or the decedent, on the one hand, and F&P Cosmetics, on the other hand.

### Thirty-First Affirmative Defense

F&P Cosmetics did not owe a contractual obligation to Plaintiffs or the decedent.

### Thirty-Second Affirmative Defense

F&P Cosmetics did not make any warranties to Plaintiffs or the decedent. F&P Cosmetics expressly disclaimed and excluded any express or implied warranties, including warranties of merchantability and fitness for a particular purpose.

### Thirty-Third Affirmative Defense

F&P Cosmetics denies it owed any contractual duty to Plaintiffs or the decedent, but if a factfinder were to determine otherwise, F&P Cosmetics further denies it breached any contractual obligation it allegedly could have owed to Plaintiffs or the decedent.

### Thirty-Fourth Affirmative Defense

As set forth above, F&P Cosmetics denies it entered into a contract with Plaintiffs or the decedent, denies it could have owed Plaintiffs or the decedent a contractual duty, and denies it breached any contractual duty it could have owed, but if a factfinder were to find otherwise, Plaintiffs failed to provide F&P Cosmetics with timely notice of any breach as required by law.

### Thirty-Fifth Affirmative Defense

F&P Cosmetics is entitled to, and asserts, all defenses and presumptions contained in, or arising from, the Uniform Commercial Code as enacted by the State whose substantive law controls this action.

### Thirty-Sixth Affirmative Defense

F&P Cosmetics did not make any representation or misrepresentation to Plaintiffs or the decedent.

### Thirty-Seventh Affirmative Defense

F&P Cosmetics did not conceal or withhold from Plaintiffs or the decedent information it owed a duty to disclose.

### Thirty-Eighth Affirmative Defense

F&P Cosmetics is not subject to strict liability.

### Thirty-Ninth Affirmative Defense

F&P Cosmetics denies that its conduct or a product it manufactured, marketed, distributed, or sold caused the harm Plaintiffs allege, but if a factfinder were to determine otherwise, F&P Cosmetics asserts that the harm was not foreseeable.

### Fortieth Affirmative Defense

F&P Cosmetics denies that the product at issue was defective or unreasonably dangerous.

### Forty-First Affirmative Defense

At the time of its alleged use, the product was not in the same condition as it was on the date it left F&P Cosmetics's possession, and the change or deviation resulted from the independent and unforeseeable act of a third party.

**Forty-Second Affirmative Defense**

Plaintiffs are barred from recovering on their claims because F&P Cosmetics acted in accordance with the state of the art, applicable industry standards, and relevant government regulations, and its product likewise complied with the state of the art, industry standards, and relevant regulations.

**Forty-Third Affirmative Defense**

Plaintiffs and the decedent were sophisticated purchasers and users of the product Plaintiffs attribute to F&P Cosmetics in the Complaint.

**Forty-Fourth Affirmative Defense**

The incident and injury alleged in the Complaint—which F&P Cosmetics denies—was caused by the unauthorized, unintended, and improper use or misuse of the product Plaintiffs attribute to F&P Cosmetics in the Complaint, which was unforeseen by F&P Cosmetics and unforeseeable.

**Forty-Fifth Affirmative Defense**

To the extent the incident and injury alleged in the Complaint—which F&P Cosmetics denies—are found by a factfinder to have occurred, they resulted from the misconduct of third parties.

**Forty-Sixth Affirmative Defense**

At all relevant times, F&P Cosmetics's communications and conduct, if any, were privileged and protected.

### Forty-Seventh Affirmative Defense

To the extent Plaintiffs incurred any of the damages they allege, their right to recover is barred or reduced for failure to mitigate damages.

### Forty-Eighth Affirmative Defense

To the extent Plaintiffs seek punitive damages from F&P Cosmetics, such damages are unconstitutional. Imposing punitive damages on F&P Cosmetics would violate the Fourteenth Amendment's Due Process Clause, the Fifth Amendment's Double Jeopardy Clause, and the Eighth Amendment's prohibition against imposing excessive fines.

### Forty-Ninth Affirmative Defense

F&P Cosmetics denies that it could be liable to Plaintiffs for any damages, but to the extent a factfinder were to determine otherwise, it cannot be liable for more than its fair share of any award as set forth under the laws of the State whose substantive laws apply to this action.

### Fiftieth Affirmative Defense

F&P Cosmetics is entitled to, and hereby invokes, the benefits and protections relating to punitive damages available under the laws of the State whose substantive law applies to this action.

### Fifty-First Affirmative Defense

Any recovery by Plaintiffs must be reduced to account for payments made by collateral sources.

## Fifty-Second Affirmative Defense

To the extent consistent with its Answer and affirmative defenses, F&P Cosmetics hereby incorporates by reference each affirmative defense set forth by any Defendant to this action.

## Cross-Claims

F&P Cosmetics hereby asserts the following cross-claims against each co-defendant:

## Count I

1.     F&P Cosmetics incorporates by reference the paragraphs in Plaintiffs' First Amended Complaint directed to co-defendants without adopting or admitting the veracity of same.

2.     F&P Cosmetics denies that it is or could be liable to Plaintiffs and denies Plaintiffs incurred the damages stated in their Complaint, but if such allegations are deemed to be true at the time of trial, then the injuries or damages complained of were caused by third parties and the other defendants named in the Complaint, and the third parties and other defendants named in the Complaint are solely liable to Plaintiffs, jointly and severally liable to Plaintiffs, or are liable over F&P Cosmetics for contribution, indemnity, or both.

WHEREFORE, F&P Cosmetics respectfully requests that this Court enter judgment in its favor; award F&P Cosmetics contribution, indemnity, or both in the full amount of any verdict and judgment or the proportionate

share thereof that Plaintiffs may recover against F&P Cosmetics; and accord to F&P Cosmetics any further relief, including costs and fees, the Court deems appropriate.

## **Count II**

3.     F&P Cosmetics hereby incorporates the allegations set forth in paragraphs one through two of its cross-claims as if they were set forth here in full.

4.     F&P Cosmetics denies that it is or could be liable to Plaintiffs and denies Plaintiffs incurred the damages stated in their Complaint, but if such allegations are deemed to be true at the time of trial, then its negligence or liability, if any, was passive, vicarious, or imputed, whereas the negligence of third parties and the other defendants listed in the Complaint was active and primary.

WHEREFORE, F&P Cosmetics respectfully requests that this Court enter judgment in its favor; award F&P Cosmetics contribution, indemnity, or both in the full amount of any verdict and judgment or the proportionate share thereof that Plaintiffs may recover against F&P Cosmetics; and accord to F&P Cosmetics any further relief, including costs and fees, the Court deems appropriate.

Date:            ECKERT SEAMANS CHERIN & MELLOTT, LLC

By: *David Katzenstein*
   David M. Katzenstein

*Counsel for defendant, Fifth & Pacific Companies Cosmetics, Inc., improperly named in the Complaint as "Kate Spade LLC," "Kate Spade & Company of New York," and "Kate Spade & Company LLC."*

27

## **Local Civil Rule 11.2 Initial Certification**

I hereby certify under penalty of perjury that, to my knowledge, the

matter in controversy is not the subject of any other action pending in any

court, or of any pending arbitration or administrative proceeding.


Executed on: _____          By: _David Katzenstein_____

                                          David M. Katzenstein

## **Certificate of Service**

I hereby certify that on March 14, 2019 a true and correct copy of the foregoing Answer to Plaintiffs' First Amended Complaint, Affirmative Defenses, and Cross-Claims was electronically filed with the Court, and that, pursuant to Federal Rule of Civil Procedure 5 and L. Civ. R. 5.2, all counsel of record were served with a copy of same.


Date: March 14, 2019                    By:  *David Katzenstein*
                                             _____
                                             David M. Katzenstein